UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| MARKQUETTIA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-415-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, Commissioner | ) | **MEMORANDUM OPINION** |
| of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Markquettia Allen ("Allen") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Allen seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she is not entitled to Disability Insurance benefits and Supplemental Security Income benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Allen.

## I.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. §§ 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f); 20 C.F.R. § 416.920(f) [1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

─────────────

[1]     Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively. The same changes have been made to 20 C.F.R. § 416.920.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility

determinations are particularly within the province of the ALJ.  *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.      PROCEDURAL HISTORY

Allen claims that she became disabled on October 30, 2001, due to depression, low back pathology and thyroid problems.  She filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits on October 31, 2001. These claims were denied initially and on reconsideration.  Thereafter, the Claimant requested a hearing before an ALJ.

On December 12, 2002, an administrative hearing was held before ALJ Andrew Chwalibog.  During this hearing, the ALJ heard testimony from Allen and Dean W. Owen, Jr., Ph. D., a vocational expert ("VE").  A supplemental hearing was conducted on March 26, 2003. At that hearing, Donald J. Woolwine (another VE) testified.  The ALJ concluded that Allen retained the ability to perform heavy work.  [Tr., p. 20]  However, based on testimony from the vocational experts, the ALJ further concluded that Allen was capable of performing a significant number of jobs in the national economy.  [Tr., p. 19]

## III.     DISCUSSION

Allen's sole argument is that the ALJ erred by relying on the opinions of consultative examiner Dr. Dennis Sprague.  She argues that it was improper for the ALJ to rely on Dr. Sprague's opinions because Dr. Sprague was never provided with her medical records from the Mountain Comprehensive Care Center.

After the initial administrative hearing, ALJ Chwalibog referred Allen to Dr. Sprague for an additional mental examination.   After the February 6, 2003, examination, Dr. Sprague completed a Medical Assessment of Ability To Do Work-Related Activities (Mental), in which he rated Allen's mental abilities in various categories.   Dr. Sprague's findings were discussed and considered by the ALJ at page 3 of his June 27, 2003 decision.   Specifically, the ALJ noted that:

> The claimant was administered the WAIS-III test and obtained a verbal IQ score of 81, performance IQ score of 67 and full-scale IQ score of 72.   The examiner noted the disparity between the verbal and performance subtest criteria and he reported the claimant's achievement scores were higher than her actual tested IQ score.   These intelligent scores would place the claimant in the borderline range of intellectual functioning.   However, the examiner further noted the signs of significantly depressed features and behavior with accompanying chronic pain syndromes.   Further, the examiner noted signs of limited self-confidence, low self-esteem and difficulties mustering the energy to meet the demands of everyday living.   He opined the claimant has a depressive disorder and borderline intellectual functioning.   In his Medical Assessment of Ability to do Work Related Activities (mental), appended to his report, the examiner noted the claimant has a good ability to follow work rules; fair (limited but satisfactory) ability to relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; understand, remember and carry out detailed, but not complex instructions; maintain personal appearance; behave in the emotionally stable manner, and relate predictably in social situations and poor (seriously limited but no precluded) ability to deal with work stresses, maintain attention and concentration, and understand, and remember and carry out complex job instructions.

[Tr., p. 16]   The ALJ placed significant weight Dr. Sprague's findings.   Specifically, in determining the residual functional capacity, the ALJ relied on Dr. Sprague's conclusions regarding Allen's mental limitations.   [Tr., p. 18]

According to Allen, the ALJ erred in relying on Dr. Sprague's findings. Allen states that the Kentucky Disability Determination Service ("DDS") did not provide Dr. Sprague with her

-5-

medical records from Mountain Comprehensive Care and, therefore, Dr. Sprague opinions regarding her mental limitations are unreliable. In support of her argument that the DDS should have furnished Dr. Sprague with these medical records, Allen has cited Section DI 22510.016 of the Social Security Administration's *Program Operations Manual System* ("POMS"). This section of the POMS provides that, a state disability determination agency should furnish the consultative examiner with "[t]he pertinent medical evidence." However, as noted by the Commissioner, Allen's counsel has failed to cite any legal authority that specifically requires the DDS to provide a consultative examiner with an individual's medical records from his/her treating physicians prior the examination. Although Allen has cited to a specific provision of the POMS, the Sixth Circuit has noted that this manual does not have the force and effect of law. *See Davis v. Sec'y of Health and Human Servs.*, 867 F.2d 336 (6th Cir. 1989). Rather, the POMS is simply a policy and procedure manual that the Social Security Administration uses to evaluate disability claims.

The Social Security regulations, however, do have the force and effect of law. *See Schweiker v. Gray Panthers*, 453 U.S. 34, 43-44 (1981). Title 20 of the Code of Federal Regulations, Section 404.1517 states that prior to a consultative examination, the Commissioner will provide the examiners with "any necessary background information about [the Claimant's] condition." 20 C.F.R. § 404.1517; *see also* 20 C.F.R. § 416.917. In his report, Dr. Sprague indicated that he had received and reviewed a January 2002 psychological evaluation by William Rigby, Ph.D. Further, inasmuch as Dr. Sprague did not intimate that he needed additional

medical records, the Court finds that Dr. Sprague was provided with sufficient medical evidence to render an opinion regarding Allen's mental limitations.

Allen also takes issue with the fact that "no medical professional had an opportunity to review" the records from Mountain Comprehensive Care Center. [Record No. 9, pp. 5-6] However, as noted by the Commissioner, there is no legal authority that requires a medical examiner to review all of a claimant's medical records prior to rendering an opinion as to his/her disability status. It is the responsibility of the ALJ to review the medical evidence of record and make a determination concerning the claimant's physical and mental limitations and restrictions. See 20 C.F.R. § 404.1527(e)(2); 20 C.F.R. § 416.927(e)(2).

Title 20 of the Code of Federal Regulations, §§ 404.1527 and 416.927, contains detailed rules for evaluating medical and psychological opinions from sources which include state agency and other non-examining consultants. Paragraph (b) of this section provides that such sources will be considered together with the rest of the relevant evidence in deciding whether a person is disabled. Paragraphs (c), (d), and (e) then set out general rules for evaluating the record. Paragraph (f) provides that findings made by state agency consultants become opinions at the administrative level and require that the ALJ consider and evaluate them when making a disability decision. It states in relevant part that:

> We consider all evidence from non-examining sources to be opinion evidence. When we consider the opinions of non-examining sources, we apply the rules in paragraphs (a) through (e) of this section. In addition, the following rules apply to State agency medical and psychological consultants, other program physicians and psychologists, and medical experts we consult in connection with administrative law judge hearings and Appeals Council review:

**         **         **

-7-

> (ii) . . . Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinion from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 C.F.R. § 416.927(f).  Further, Social Security Ruling 96-6p provides in relevant part that:

> 1.     Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.

> 2.     Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

The ALJ properly considered the report from Dr. Sprague.  He also reviewed Allen's medical records reflecting her treatment and care by treating physicians and mental health providers. [Tr., pp. 14-20]  The ALJ conducted a thorough review and analysis of this evidence. After conducting this review, the ALJ determined that:

> the claimant retains the residual functional capacity to perform heavy level work with the following non-exertional limitations: good ability to follow work rules; fair (limited but satisfactory) ability to relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; understand, remember and carry out detailed, but not complex instructions; maintain personal appearance; behave in the emotionally stable manner, and relate predictably in social situations; and poor (seriously limited but no precluded) ability to deal with work stresses, maintain attention and concentration, and understand, and remember and carry out complex job instructions; but able to understand/recall simple work without excessive productivity demands.

-8-

[Tr., p. 18]  Based upon this RFC assessment, the ALJ concluded that "jobs exist in significant numbers in the regional and national economy in which [Allen] can engage despite her limitations." [Tr., p. 19]

## IV.    CONCLUSION

The ALJ did not err in relying on the consultative opinion of Dr. Sprague.  Moreover, after reviewing the record before the ALJ, it is clear that the his opinion was supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** as follows:

1.    Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2.    The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3.    The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 20th day of September, 2005.



Signed By:

_Danny C. Reeves_

United States District Judge

-9-